IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONNIE O. BROWN,

    Plaintiff,                    CV F 06 1783 LJO WMW P

    vs.                             ORDER GRANTING LEAVE
                                       TO AMEND THE COMPLAINT

WILLIAM SULLIVAN, et al.,

    Defendants.

        Plaintiff is a former state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        This action proceeds on the orignal complaint. Plaintiff, formerly inmate in the custody of the California Department of Corrections at CCI Tehachapi, brings this civil rights action against defendant California Department of Corrections. Plaintiff also names as defendants correctional officials employed by the Department of Corrections at CCI Tehachapi.

        In his complaint, Plaintiff refers to correctional officials in general, and appears to be challenging a CDC policy that relates to possession of inmate property. To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993). In order to state a claim under § 1983, a plaintiff must allege that: (1) a

person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States. Paratt v.Taylor, 451 U.S. 527, 535 (1981).   As to Plaintiff's claim relating to inmate property possession, the Court finds the claim to be vague. Plaintiff must identify individual defendants, and allege facts indicating those defendants deprived Plaintiff of a protected interest.

Plaintiff also alleges that he was assaulted by another inmate and that Defendants Garcia and Eubanks were aware of the threat to Plaintiff by that inmate.   Plaintiff specifically alleges that he was assaulted on November 11, 2006, and the Defendants were made aware of the threat on November 8, 2006.

The Court finds that as to Defendants Garcia and Eubanks, Plaintiff states a claim for relief for failure to protect.  As to the remaining claims and Defendants, the Court finds the allegations to be vague.  The Court will grant Plaintiff leave to amend the complaint.  Should Plaintiff fail to file an amended complaint, the court will order service of process upon Defendants Garcia and Eubanks, and recommend dismissal of the remaining Defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is

1 because, as a general rule, an amended complaint supersedes the original complaint. See <u>Loux</u>
2 <u>v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
3 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
4 original complaint, each claim and the involvement of each defendant must be sufficiently
5 alleged.
6        In accordance with the above, IT IS HEREBY ORDERED that:
7        1. Plaintiff is granted leave to file an amended complaint.  Plaintiff is granted
8 thirty days from the date of service of this order to file a first amended complaint that complies
9 with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the
10 Local Rules of Practice; the amended complaint must bear the docket number assigned this case
11 and must be labeled "First Amended Complaint."
12
13 IT IS SO ORDERED.
14 **Dated:   August 2, 2007**               /s/  William M. Wunderlich
                                              UNITED STATES MAGISTRATE JUDGE